NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| R.B., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>MIDDLETOWN TOWNSHIP BORD OF EDUCATION,<br><br>  Defendant. | Civil Action No. 23-930 (ZNQ)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, United States Magistrate Judge**

Currently pending before the Court is Plaintiffs' motion for leave to file a Second Amended Complaint to add disparate treatment claims under Section 504 of the Rehabilitation Act, Title II of the Americans with Disabilities Act (the "ADA"), and the New Jersey Law Against Discrimination (the "NJLAD"). (Docket Entry No. 24). Defendant opposes Plaintiffs' motion on the grounds that it will cause undue delay and prejudice, is futile, and that Plaintiffs have failed to cure deficiencies with prior amendments. The Court has fully reviewed the arguments made in support of and in opposition to Plaintiffs' motion. The Court considers Plaintiffs' motion to amend without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion to amend is **GRANTED**.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

On February 17, 2023, Plaintiffs R.B. and C.B., individually and on behalf of their three minor children (collectively "Plaintiffs"), filed this action against Defendant Middletown Township Board of Education ("Defendant" or "Board"), alleging discrimination and associational

discrimination under Section 504 of the Rehabilitation Act, Title II of ADA, and the NJLAD. (Compl.; Docket Entry No.1). Specifically, Plaintiffs alleged that the Board's failure to reasonably modify its Student Transportation Policy (the "District's Policy") to accommodate the disability of the co-Plaintiff mother, who is legally blind and hard of hearing, constitutes unlawful discrimination. (Compl. at ¶¶ 119-20, 129-30, 139-40). On February 28, 2023, Plaintiff amended the initial Complaint as of right to add a demand for a jury trial. ("First Amended Complaint") (Docket Entry No. 3). On March 21, 2023, Defendant moved to dismiss Plaintiffs' First Amended Complaint for lack of prosecution and failure to state a claim. (Docket Entry No. 5). Among other things, Defendant argued that Plaintiffs cannot show that the co-Plaintiff mother was entitled to the public benefit that Plaintiffs seek. (Def.'s Br. Supp. Mot. To Dismiss at 10, 14, 16, 21; Docket Entry No. 5). Following full briefing and oral argument, the District Court denied Defendant's motion to dismiss on February 7, 2024. (Docket Entry No. 13). Defendant filed its Answer to Plaintiffs' First Amended Complaint on February 20, 2024. (Docket Entry No. 14).

On March 1, 2024, the Court entered an Order setting the initial scheduling conference for April 15, 2024. (Docket Entry No. 17). The initial scheduling conference was held as scheduled. On October 24, 2024, Plaintiffs indicated that they intended to seek to amend the First Amended Complaint to add disparate treatment claims. (Pl.'s Mov. Br. at 3). On November 8, 2024, the parties informed the Court by a joint letter that Defendant did not consent to the filing of Plaintiffs' Second Amended Complaint. (Pl.'s Mov. Br. at 4). On January 8, 2025, the Court set the deadline for Plaintiffs' motion for leave to file a Second Amended Complaint as January 24, 2025. On January 24, 2025, Plaintiffs filed the present motion seeking leave to file a Second Amended Complaint to add the aforementioned disparate treatment claims. (Docket Entry No. 24).

2

## II.   THE PARTIES' ARGUMENTS

### A. Plaintiff's Arguments

Through the proposed Second Amended Complaint, Plaintiffs seek to add claims of disparate treatment under Section 504 of the Rehabilitation Act, Title II of the ADA, and the NJLAD. (Pl.'s Mov. Br., Ex. 2 at 30-34). During discovery, Plaintiffs contend they learned that, since 2018, Defendant has routinely granted courtesy transportation to other ineligible students under the District's Policy for non-disability-related reasons. (Pl.'s Mov. Br. at 2). Plaintiffs assert that this disparate and less-favorable treatment, which forms the basis of their proposed disparate treatment claims, constitutes discrimination under Section 504 of the Rehabilitation Act, Title II of the ADA, and the NJLAD. (Pl.'s Mov. Br., Ex. 2 at 31-33).

Plaintiffs argue that their request to amend should be granted because there has been no undue delay, the proposed amendments will not unduly prejudice Defendants, and the proposed amendments are not futile. (Pl.'s Mov. Br. at 5-6). As to undue delay, Plaintiffs claim that they "move[d] to amend based on information that [they] only recently learned in discovery." (*Id*. at 5). Plaintiffs further argue that the proposed amendments will not unduly prejudice Defendant because they do not introduce any new factual issues requiring the reopening of discovery, but, instead, only raise a new legal issue based on facts already disclosed during discovery. (*Id*. at 6). Lastly, Plaintiffs argue that the proposed amendments are not futile. (*Id*.) Plaintiffs argue that "[t]o state a claim of disparate treatment, Plaintiffs must demonstrate only that some discriminatory purpose was 'a motivating factor' behind the challenged decision." (*Id*. at 7 (citation omitted)). Plaintiffs contend that "where a […] policy or decision 'facially discriminates' on the basis of the protected traits, it 'may constitute per se or explicit discrimination' because 'the protected trait by definition plays a role in the decision making process….'" (*Id*. (citation omitted)). According to Plaintiffs,

3

the Board's decision "whether to grant exceptions to [the District's Policy] is facially discriminatory" because it granted exceptions and provided courtesy busing to accommodate only for reasons not related to a parents' disability but never granted for reasons related to a parents' disability. (*Id*. at 8).

### B. Defendant's Arguments

Defendant opposes Plaintiffs' motion to amend on the grounds of undue delay and undue prejudice, futility, and Plaintiffs' repeated failure to cure deficiencies. (Def's. Br. in Opp'n of Pl.'s Mot to Am., at 7, 25). Defendant does not argue that Plaintiffs bring this motion in bad faith. (*See id.* at 25-29).

Defendant's arguments concerning undue delay and undue prejudice rest on two grounds. First, Defendant asserts that Plaintiffs waited approximately two years after filing the initial Complaint before seeking to "formally expand" the claims asserted in the First Amended Complaint and "formally add claims for Failure to Provide Reasonable Accommodation and Disparate Treatment." (*See id* at 26). Second, Defendant contends that Plaintiffs had prior opportunities to amend their Complaint but failed to cure "the deficiencies." (*See id.* at 27). According to Defendant, "[a] plain reading of the original complaint clearly demonstrates that Plaintiffs cited the statutes on which they are basing their cause of action in the Counts' headers, with the causes of action sought within the subsequent paragraphs" and "[t]he Plaintiffs were also aware of the deficiencies in their Complaint from its inception, as they filed the amended complaint to add a jury demand, but failed to format the claims into the Counts' heading they seek to include in this proposed Second Amended Complaint." (*Id.* at 27). Defendant argues that the time that elapsed between when Plaintiffs filed this case and when they formally moved to amend as well as Plaintiffs' repeated failure to amend demonstrate undue delay and undue prejudice.

4

Defendant also separately opposes Plaintiffs' motion to amend solely on the ground that Plaintiffs repeatedly failed to cure the deficiencies in their pleading in their prior amendments. (*Id.* at 28). Defendant argues Plaintiffs are attempting to add factual allegations that "would not breathe life into their claims," that were available earlier at the time of their original pleading, and which do not alter the nature of their already plead claims. (*See id.* at 28-29). As a result, Defendants contend that Plaintiff's motion to amend should be denied.

On the issue of futility, Defendant argues that the proposed amendments are futile because he co-Plaintiff mother is not entitled to the public benefit that Plaintiffs seek, and, as such, the proposed amendments fail to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] (*Id.* at 14, 16, 19, 23, 24). Defendant maintains that public education is a benefit provided to students, not their parents, and that the co-Plaintiff mother cannot assert a claim for denial of access to a public benefit to which she is not personally entitled. (*Id.* at 13, 16, 18, 21, 24). Similarly, Defendant argues that the children are not entitled to the requested accommodation based solely on their mother's disability. Thus, Defendant argues that the proposed amendments should be denied as legally insufficient, and, therefore, futile. (*Id*. at 13, 16, 18, 21, 24).

## III.   ANALYSIS

### A.  Standard of Review

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." The Third Circuit has shown a strong liberality in allowing amendment, favoring decisions on the merits rather than on procedural technicalities. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3rd Cir. 1984); *see Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267,

---

[1] Although Defendant describes co-Plaintiff, the mother, as being "not a qualified individual," the substance of Defendant's argument is that she is not entitled to the public benefit Plaintiffs seek.

273 (3rd Cir 2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). Although the decision to grant or deny leave to amend is within the discretion of the Court, that discretion must be exercised consistent with the liberal standard embodied in Rule 15(a)(2). *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 886 (3d Cir. 1992); *see Rutter v. Rivera*, 74 F. App'x 182, 186 (3d Cir. 2003). Leave to amend under Rule 15(a) should be granted in the absence of undue delay or bad faith by the movant, prejudice to the movant, or futility of amendment. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

### B.  Undue Delay and Undue Prejudice

In determining whether there has been undue delay, courts consider both the length of the delay and resulting prejudice to the opposing party. *Long*, 393 F.3d at 399. Although significant lapses of time may weigh against the moving party, delay alone is insufficient to deny amendment absent a showing of prejudice, bad faith, or dilatory motive. *See id* at 399; *Cureton*, 252 F.3d at 273 (3d Cir. 2001); *see also Adams*, 739 F.2d at 868; *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). The burden of establishing undue prejudice rests with the non-moving party. *Long*, 393 F.3d at 400. This burden may be met by showing that allowing an amendment "would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent [the opposing party] from bringing a timely action in another jurisdiction." *Id.*

As noted above, Defendant's arguments for undue delay and undue prejudice rest on the timing of the proposed amendments and Plaintiffs' failure to cure deficiencies in prior amendments. However, apart from the fact that Plaintiffs are seeking to add disparate treatment claims more than two years after the initial Complaint was filed, Defendant does not identify any specific conduct or circumstances that would render the delay undue. While Defendant contends that "the

6

information needed by Plaintiffs was within their knowledge and control since the inception of the case or was developed long before" (Def's. Br. in Opp'n of Pl.'s Mot to Am., at 26), it fails to identify what information Plaintiffs allegedly had, when they obtained it, or how it would have supported disparate claims at an earlier stage. More importantly, as detailed below, Defendant fails to identify how it has been prejudiced by Plaintiffs' alleged delay, and, as noted, above, delay alone is an insufficient ground upon which to deny a motion to amend. Plaintiffs, for their part, deny that there has been undue delay, arguing that the factual basis for their proposed disparate treatment claims emerged during the course of discovery. Under the circumstances presented, the Court finds that Defendant has not demonstrated that Plaintiffs' delay was undue.

Similarly, Defendant fails to identify any actual prejudice that would result from allowing the proposed amendment. Its assertion that the proposed amendment would cause undue prejudice by extending the litigation timeline is conclusory and lacks any specificity, such as how the amendment would delay proceedings or impose additional litigation burdens. While Defendant suggests that allowing the amendment will result in "unnecessarily reopening discovery, despite the parties agreeing discovery is now completed[,]" Defendant in opposing Plaintiffs' motion to amend describes Plaintiffs' proposed amendments as "purely stylistic and a waste of the Court's time." (*Id*.) Indeed, Defendant concedes that "[i]f not stated overtly all along, the parties had a mutual understanding that Plaintiffs were bringing this action for failure to provide reasonable accommodation and disparate treatment since its inception, as Plaintiff plead these causes of action within paragraphs of original Couns I through III." (*Id*.) As such, Defendant does not argue that it would need additional discovery if the proposed amendments were allowed because Defendant acknowledges that it has litigated the matter with the understanding that the proposed disparate treatment claims were already part of this case. Moreover, Plaintiffs confirmed that they will not

7

require additional discovery. (*See* Pl. Reply at 1 (stating "counsel for both parties have advised the Court that amendment will require no further discovery")). As a result, Defendant has failed to establish undue prejudice.

### C. Futility

A court may deny a motion for leave to amend where the proposed amendment would be futile. *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014). An amendment is considered futile if the amended complaint would fail to state a claim upon which relief could be granted. *Travelers Indem. Co v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir 2010). The futility of an amended complaint is governed by the same standards of legal sufficiency as a motion to dismiss under Rule 12(b)(6). *Id*. The burden of establishing futility is on the party opposing the amendment. *Pharm. Sales & Consulting Corp. v. J.W.S Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000). "If a proposed amendment is not clearly futile, the denial of leave to amend is improper." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468-69 (D.N.J. 1990). "This standard does not necessitate that parties undertake substantive motion practice concerning the proposed claim or defense." *Id*. "Instead, it requires only that the claim or defense have an adequate basis in fact or law, not being frivolous." *Id*.

Discrimination claims under Section 504 of the Rehabilitation Act, Title II of the ADA, or the NJLAD may proceed under one or more of three distinct legal theories: (1) failure to provide reasonable accommodation; (2) disparate treatment; or (3) disparate impact. *Affinity Healthcare Grp. Voorhees, LLC v. Twp. of Voorhees*, 624 F. Supp. 3d 494, 511 (D.N.J. 2022). Each theory requires a separate legal analysis. *See id*. A failure-to-accommodate claim focuses on whether the defendant denied reasonable modifications necessary to afford a person with a disability equal access to services or benefits. *See id*. at 518. In contrast, a disparate treatment claim centers on

whether similarly situated individuals were treated more favorably based on discriminatory intent or animus. *See id.* To state a disparate treatment claim, a plaintiff must demonstrate that some discriminatory purpose was a 'motivating factor' behind the challenged action." *Id. (*citing *Cmty. Servs., Inc. v. Wind Gap Mun. Auth.*, 421 F.3d 170, 177 (3d Cir. 2005).[2]

Here, Defendant argues that Plaintiffs' proposed amendment to add disparate treatment claims would be futile on the ground that the co-Plaintiff mother is not entitled to the public service requested. However, Defendant raised this same argument at the motion to dismiss stage, and the District Court has already considered and rejected it. While it is true that Plaintiffs' disparate treatment claims may ultimately fail if it is determined that the co-Plaintiff mother is not entitled to the requested public service, that is a merits issue and does not render the proposed amendment futile. Defendant does not otherwise contend the newly asserted disparate treatment claims fail to state a claim. Instead, Defendant merely repeats the same argument previously raised and rejected. Accordingly, Defendant has not met its burden to establish that the proposed amendments would be futile.

### D.  Failure to Cure Deficiencies with Prior Amendments

Defendant, while including Plaintiffs' alleged failure to cure deficiencies as part of its undue delay argument, separately argues that Plaintiffs' motion to amend should be denied solely on that basis. However, this argument merely repeats Defendant's assertions that Plaintiff unduly delayed

---

[2] Although *Affinity Healthcare* addressed, among other things, disparate treatment under Section 504 of the Rehabilitation Act, Title II of the ADA, and NJLAD, the court cited the standard from *Wind Gap*, which was decided under the Fair Housing Amendment Act.

in seeking to amend and the proposed amendment would be futile, albeit citing a different case.[3] For the same reasons discussed above, the Court rejects Defendant's argument.

### IV.  CONCLUSION

For the reasons stated above, Plaintiff's Motion to Amend is **GRANTED**. An appropriate Order follows.

Date: August 28, 2025

>s/Tonianne J. Bongiovanni
>**HONORABLE TONIANNE J. BONGIOVANNI**
>**UNITED STATES MAGISTRATE JUDGE**

---

[3] The only case Defendant cites, *Lorenz v. CSX Corp.* 1 F.3d 1406 (3rd Cir. 1993), involves, among other issues, the district court's decision denying plaintiff's motion for leave amend based on undue delay, previous failure to amend, and futility. *See id*. at 1413-14. In *Lorenz*, the court considered the plaintiff's prior failure to amend as part of its reasoning in finding that the plaintiff's delay in seeking amendment was unreasonable, rather than treating it as a separate ground for denial. *See id*. at 1414.